IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AARON MEDLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| CHICAGO POLICE OFFICER J. TRACY, | ) | |
| STAR #16173; CHICAGO POLICE OFFICER | ) | |
| A. MUNIZZI, STAR #15447; CHICAGO | ) | |
| POLICE OFFICER J. FIELDS, STAR #3463; | ) | |
| CHICAGO POLICE OFFICER LEIF GOFF, | ) | |
| STAR #1111; CHICAGO POLICE SGT. R. | ) | |
| WATSON, STAR #868; CHICAGO POLICE | ) | |
| OFFICER CHARLES WALTERS, | ) | |
| STAR #11717; CHICAGO POLICE OFFICER | ) | |
| MILLAN, STAR #6087; CHICAGO POLICE | ) | |
| OFFICER FISHER, STAR #9664 and THE | ) | |
| CITY OF CHICAGO, a Municipal Corporation, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT AT LAW**

NOW COMES, the Plaintiff, AARON MEDLEY, by and through his attorney, JEFFREY J. NESLUND, LAW OFFICE OF JEFFREY J. NESLUND and in complaining of the Defendants, CHICAGO POLICE OFFICERS J. TRACY, STAR #16173; OFFICER A. MUNIZZI, STAR #15447; OFFICER J. FIELDS, STAR #3463; OFFICER LEIF GOFF, STAR #1111; SGT. R. WATSON, STAR #868; OFFICER CHARLES WALTERS, STAR #11717; OFFICER MILLAN, STAR #6087; OFFICER FISHER, STAR #9664; and THE CITY OF CHICAGO, a Municipal Corporation, states as follows:

**INTRODUCTION**

1. This is an action for civil damages brought under Illinois State law and 42 U.S.C. Sec. 1983 for the deprivation of Plaintiff's constitutional rights. This Court has jurisdiction

1

pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Plaintiff, AARON MEDLEY, is an individual who at all times relevant hereto was present in the Northern District of Illinois.

4. Defendants, CHICAGO POLICE OFFICERS J. TRACY, STAR #16173; OFFICER A. MUNIZZI, STAR #15447; OFFICER J. FIELDS, STAR #3463; OFFICER LEIF GOFF, STAR #1111; SGT. R. WATSON, STAR #868; OFFICER CHARLES WALTERS, STAR #11717; OFFICER MILLAN, STAR #6087; OFFICER FISHER, STAR #9664, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

5. The Defendant, City of Chicago (hereinafter "CITY"), at all relevant times, was an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located entirely within this Judicial District.

## FACTUAL SUMMARY

6. In July of 2015, the DEFENDANT OFFICERS were part of a narcotics team under the supervision of DEFENDANT SGT. WATSON.

7. On July 9, 2015, the PLAINTIFF was on electronic monitoring by the Cook County Sheriff's Department and confined to a residence located at 105 N. Lamon in Chicago.

8. On the morning of July 9, 2015, the PLAINTIFF was assigned to the Cook County Sheriff's Work Alternative Program (S.W.A.P.) located at the Cook County Department of Corrections complex.

9. On July 9, 2015, the DEFENDANT OFFICERS falsely claim the PLAINTIFF

2

sold narcotics to DEFENDANT WALTERS who was working in an undercover capacity, at 10:55 a.m. on the sidewalk in front of a residence located at 3643 W. Douglas in Chicago

10. On July 28, 2015, the Plaintiff was arrested by DEFENDANT OFFICERS TRACY and MUNIZZI at the Cook County Criminal Courthouse located at 2650 S. California Avenue located in Chicago.

11. After the Plaintiff was arrested, he was transported to the Homan Square Chicago Police facility and interrogated by narcotic officers, including the DEFENDANT OFFICERS.

12. The Plaintiff was placed under arrest and detained despite the fact the DEFENDANT OFFICERS did not have probable cause to believe he had committed any crimes.

13. The Plaintiff was charged by the DEFENDANT OFFICERS with selling narcotics on various dates out of a home located at 3643 W. Douglas Boulevard in Chicago. Specifically, the Plaintiff was charged by DEFENDANT FIELDS with delivering cocaine to DEFENDANT CHARLES WALTERS on July 9, 2015, July 11, 2015 and July 15, 2015.

14. The Plaintiff was also charged by DEFENDANT GOFF with possession of cocaine at 3643 W. Douglas in Chicago on July 24, 2015, as the result of a search warrant based on false information provided by DEFENDANT WALTERS.

15. The Plaintiff was charged with these multiple felony offenses despite the fact he had been on house arrest with electronic monitoring over three (3) miles away from the Douglas Boulevard location and was at S.W.A.P. on July 9, 2015.

16. The DEFENDANT OFFICERS fabricated evidence against the Plaintiff including, but not limited to, writing false police reports, providing false sworn testimony and signing false criminal complaints all in furtherance of a conspiracy to drive Plaintiff of his constitutional rights.

17. The Plaintiff was deprived of his liberty and incarcerated in the Cook County Department of Corrections as a direct result of the fabricated evidence created by the DEFENDANTS.

18. On January 27, 2016, all of the criminal charges initiated by the DEFENDANTS were terminated in a manner indicative of the Plaintiff's innocence.

## COUNT I
## 42 U.S.C. § 1983: False Arrest/Unlawful Detention

19. Plaintiff re-alleges and incorporates paragraphs 1-18 as fully stated herein.

20. As described above, DEFENDANT OFFICERS falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

21. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

22. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

## COUNT II
## State Law Claim: Malicious Prosecution

23. Plaintiff re-alleges and incorporates paragraphs 1-18 above as fully stated herein.

24. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury and all such proceedings were terminated in Plaintiff's favor in a manner consistent with the Plaintiff's innocence.

25. DEFENDANTS accused Plaintiff of criminal activity, despite the fact that they knew the accusations were baseless, that the Plaintiff had been arrested without probable cause. Defendants made written and other statements with the intent of exerting influence to institute

and continue judicial proceedings which were false and made with actual malice.

26. Statements of DEFENDANTS regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the DEFENDANT OFFICERS fabricated evidence and withheld exculpatory information.

27. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of others.

28. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

29. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

## COUNT III
### Section 1983 Conspiracy Claims

30. Plaintiff re-alleges and incorporates paragraphs 1-18 above as fully stated herein.

31. As outlined above, the DEFENDANTS conspired and agreed to unlawfully use the police powers of the DEFENDANT OFFICERS to violate the civil rights of the Plaintiff and charge him with crimes he did not commit.

32. The DEFENDANTS took overt acts in furtherance of this conspiracy, which included fabricating evidence, providing false information in sworn reports, signing false criminal complaints, and providing perjured and false testimony in criminal proceedings which resulted in a deprivation of the Plaintiff's liberty and false criminal charges being lodged against him.

33. This conspiracy proximately caused injury to the Plaintiff, including, but not

limited to prolonged incarceration, humiliation, embarrassment, and severe emotional distress.

## COUNT IV
### Fourth Amendment Claim for Deprivation of Liberty

34. Plaintiff re-alleges and incorporates paragraphs 1-18 above as fully stated herein.

35. As a result of evidence fabricated by the DEFENDANTS, the Plaintiff was deprived of his liberty and was incarcerated in the Cook County Department of Corrections.

36. But for the misconduct of the DEFENDANTS outlined above, the Plaintiff would not have suffered a deprivation of his liberty.

37. The misconduct of DEFENDANTS outlined above proximately caused injury to the Plaintiff, including, but not limited to prolonged incarceration, humiliation, embarrassment, and severe emotional distress.

## COUNT V
### Indemnification

38. Plaintiff re-alleges and incorporates paragraphs 1-18 above as fully stated herein.

39. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

40. The Defendant Officers acted within the scope of their employment in committing the misconduct described herein. Therefore, Defendant City of Chicago is liable as their employer for any resulting damages or award of attorney's fees.

### REQUEST FOR RELIEF

41. Plaintiff, AARON MEDLEY, respectfully requests that the Court:

a. Enter judgment in her favor and against all Defendants;

b. Award compensatory damages against all Defendants;

6

      c.      Award attorneys' fees against all Defendants;

      d.      Award punitive damages against all Defendants; and

      e.      Grant any other relief this Court deems just and appropriate.

## **JURY DEMAND**

Plaintiff, AARON MEDLEY, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

      Respectfully submitted,

      /s/ Jeffrey J. Neslund
      JEFFREY J. NESLUND
      Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive - Suite 3710
Chicago, Illinois 60606
(312) 223-1100